[Civ. No. 9140.   Second Appellate District, Division Two.—February 4, 1935.]

S. P. KIRBY, Respondent, v. BANK OF AMERICA NA-
TIONAL TRUST AND SAVINGS ASSOCIATION,
Appellant.

Louis Ferrari, Edmund Nelson and G. L. Berrey for
Appellant.

Patrick F. Kirby for Respondent.

SCOTT, J., *pro tem.*—Plaintiff left four promissory notes
or "bonds" with defendant for collection on August 9, 1930.
The latter gave him a written receipt as follows: "6th &
Main Branch Collection No. 6032345   Date 8–9–30   Bank
of America of California   Name S. P. Kirby   Address

Box 1573, Station C. L. A. Received for collection: Date 8–9–30 payor American Mortgage Co., Amount *Over* Due de documents attached, 1047–49 S. Hill, Bonds #m–1o–11–12 & 13 Promissory Gold Note—Mayfair Instructions $1000.00 each 7%. This is an advice only, is not negotiable and is not to be construed as establishing any credit direct or indirect Credit account of S. P. Kirby, 63105 Term (old) (Signed) W. W. Behrman, teller (On reverse side of foregoing) $4–1000 Bonds called—terms are—Principal & plus accrued int to date of redemption plus a 2% bonus on principal. $4000 prin. Int at 7% to date 80.00 Bonus (Signed) W. W. Behrman, teller.'' Three days later defendant sent the notes by messenger to office of American Mortgage Co. and left them there with that company having secured its receipt therefor. The mortgage company had been the original payee of the notes, the maker apparently being an insolvent ''dummy'' and said company before sale of these instruments to plaintiff had executed an indorsement on the notes which purported to be ''without recourse''. Said mortgage company, upon receiving the notes from defendant, surrendered them to the holder of the trust deed securing the notes and the property was reconveyed. The notes thereby became valueless. The mortgage company never remitted the value of the notes to defendant and plaintiff never received the notes again nor any compensation therefor.

In October, 1930, he demanded the notes or the money of the defendant and made repeated visits to the bank making the same request. Defendant neither secured the notes nor compensation therefor from the mortgage company for the plaintiff. Finally on April 7, 1931, the mortgage company became insolvent. This action was filed October 13, 1932. The matter was submitted to a jury which returned a verdict for plaintiff for the amount of the notes, interest and bonus which was provided for in the notes. From judgment entered thereon defendant appeals, contending that the action was barred by the statute of limitations and that the evidence is insufficient as to any negligence of defendant.

It is appellant's contention that the Code of Civil Procedure, section 339, fixing a two-year limitation in case of an action on a contract not in writing would preclude recovery because more than that time elapsed between

August 9, 1930, when plaintiff left the notes at the bank and October 13, 1932, when the suit was filed. It is apparent, however, that the limitation of four years applied in this case because the receipt above set out constitutes such a memorandum in writing so as to bring it within the terms of Code of Civil Procedure, section 337. The only reasonable meaning of the words is a promise to collect the money for the bonds and credit it to the account of plaintiff. Such promise is embodied in the writing although not expressed in exactly those words. (*O'Brien* v. *King,* 174 Cal. 769 [164 Pac. 631], and cases therein discussed.)

Evidence of negligence on the part of defendant is ample and convincing. On August 9, 1930, plaintiff called at the window of the collection teller of defendant bank, showed him a letter from the American Mortgage Company asking plaintiff to bring in the "bonds", told the teller he did not want to indorse them and send them in to the mortgage company, asked if he could leave the bonds there and the teller could get in touch with the mortgage company and find out when the bonds were going to be paid and credit plaintiff's account with the proceeds of them. To this the teller replied: yes, that was his business. The notes were handed to him and the receipt was given. The notes contrary to plaintiff's wishes were transmitted to and left with the mortgage company without receiving the money for them and without substantial effort by defendant to recover either the notes or the money up to the time of the insolvency of the mortgage company eight months later, notwithstanding the insistence of plaintiff that it do so. An inquiry by telephone and messenger to the mortgage company was the sole effort in this direction, although the teller testified that when such bonds were collected by the method employed in this case they usually got their money in two or three days or sometimes in a week.

There was no evidence that plaintiff requested or consented to the sending of the notes to the mortgage company to be left there subject to the money being paid at some future time. The reasonable inference to be drawn from plaintiff's acts and words when he left the notes at defendant bank was that he was using the bank to avoid dealing with the mortgage company, in a relationship which might involve trust or credit.

Appellant defends its course of conduct on the ground that it followed the custom of banks in dealing with mortgage companies, citing *San Francisco Nat. Bank* v. *American Nat. Bank,* 5 Cal. App. 408 [90 Pac. 558], and 17 Corpus Juris, 463 and 467. Evidence on this point offered by respondent consisted of testimony of a former employee of the mortgage company who had never worked in a bank, and of the collection teller of appellant bank who handled this transaction. In the light of other undisputed evidence the jury may well have attached little weight to their testimony. *Luckehe* v. *First Nat. Bank of Marysville,* 193 Cal. 184 [223 Pac. 547], and cases there cited effectually disposes of this contention of appellant.

Judgment affirmed.

Stephens, P. J., and Crail, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 4, 1935.